STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MACKENZIE ANNE HAMEL-SPENCER,
aka Mackenzie Ann Spencer,
aka Mackinzie Ann Hamel,
*Defendant-Appellant.*

Deschutes County Circuit Court
10FE1057AB; A151835

333 P3d 1157

Ingrid A. MacFarlane, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jamie Contreras, Assistant Attorney-in-Charge, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rebecca M. Auten, Assistant Attorney General.

Before Duncan, Presiding Judge, and Haselton, Chief Judge.

HASELTON, C. J.

## HASELTON, C. J.

Defendant, who entered a conditional plea of guilty, ORS 135.335(3), for first-degree theft, ORS 164.055 (2009), *amended by* Oregon Laws 2013, chapter 24, section 11, appeals the resulting judgment. She assigns error to the trial court's denial of her motion based on ORS 131.515 and Article I, section 12, of the Oregon Constitution to dismiss on former jeopardy grounds.[1] In particular, defendant contends that a prior prosecution (in Multnomah County) of a single charge of first-degree theft involving a gold wedding band belonging to the victim bars this subsequent prosecution (in Deschutes County) for charges of first- and second-degree theft and aggravated first-degree theft involving several pieces of the victim's jewelry, including the ring that was the subject of the Multnomah County prosecution. For reasons that we will explain, we reject defendant's statutory challenges, but accept the state's concession that we remand this case to the trial court so that it may determine whether two counts in the Deschutes County prosecution arose out of the same criminal episode as the theft of the gold wedding band. Accordingly, we vacate and remand with instructions.

The following facts are undisputed. During the early summer of 2010, defendant and her family stayed in the victim's home in Deschutes County for several days. Thereafter, the victim discovered that eight pieces of her jewelry were missing. On July 16, 2010, defendant sold one of those pieces of jewelry—*viz.*, a gold wedding band—to a pawn shop in Multnomah County. Two other pieces of the victim's jewelry—*viz.*, a tourmaline ring and a jade ring—were recovered from defendant's home in Multnomah County. Although the remaining pieces of jewelry were not recovered, at some point, defendant told a Deschutes County sheriff's deputy that she had stolen and then sold, traded, or disposed of those pieces of jewelry in Multnomah County.

---

[1] Because defendant acknowledges that our statutory analysis controls the outcome of this case under Article I, section 12, and she has advanced no separate state constitutional analysis, we decline to address her constitutional challenge concerning Article I, section 12. *See, e.g., State v. Thompson*, 328 Or 248, 254 n 3, 971 P2d 879, *cert den*, 527 US 1042 (1999) (explaining that court would not address constitutional claims in the absence of a "thorough and focused constitutional analysis").

On September 7, 2010, defendant was indicted in Deschutes County on one count of aggravated first-degree theft, ORS 164.057 (Count 1), five counts of first-degree theft, ORS 164.055 (2009) (Counts 2 to 6), and three counts of second-degree theft, ORS 164.045 (Counts 7 to 9).[2] Each count allegedly occurred "between or about the 16th day of June 2010 and the 12th day of July 2010." Although Count 1 alleged the theft of "jewelry" generically, each of the remaining counts identified a particular piece of jewelry to which that count related. As pertinent here, Count 2 related to a "gold ring with tourmaline gem stone," Count 3 related to a "gold ring with jade gem stone," and Count 9 related to a "gold wedding band."

On September 24, 2010, defendant was indicted in Multnomah County for one count of first-degree theft for selling the victim's gold wedding band—that is, the property that was also the subject of Count 9 of the Deschutes County indictment—and she pleaded guilty to and was sentenced for that offense in February 2011.

Thereafter, relying on ORS 131.515, defendant moved to dismiss all charges in Deschutes County on former jeopardy grounds. The gravamen of defendant's motion was that defendant had already been "prosecuted and convicted for the act and transaction of theft (depriving [the victim] of her jewelry)" in Multnomah County. Defendant contended that was so for two interrelated reasons: (1) "[t]he taking

---

[2] For context, we briefly describe the statutory scheme under which defendant was charged in Deschutes County. To commit both first- and second-degree theft, a person, by means other than extortion, must commit theft as defined in ORS 164.015. ORS 164.015, in turn, provides, in pertinent part, that "[a] person commits theft when, with intent to deprive another of property or to appropriate property to the person or to a third person," the person "[t]akes, appropriates, obtains or withholds such property from an owner thereof[,]" ORS 164.015(1), or "[c]ommits theft by receiving as provided in ORS 164.095[,]" ORS 164.015(5).

The relevant difference between first- and second-degree theft is that first-degree theft applies when "[t]he total value of the property in a single or aggregate transaction is $1,000 or more[,]" ORS 164.055(1)(a) (2009), and second-degree theft applies when "[t]he total value of the property in a single or aggregate transaction is $100 or more and less than $1,000[,]" ORS 164.045(1)(b). Finally, a person commits aggravated first-degree theft if "[t]he person violates ORS 164.055 with respect to property, other than a motor vehicle used primarily for personal rather than commercial transportation" and "the value of the property in a single or aggregate transaction is $10,000 or more." ORS 164.057.

of multiple items where there is no proof of sufficient pause constitutes a single act of theft," *see, e.g., State v. Huffman*, 234 Or App 177, 227 P3d 1206 (2010); and (2) "[t]aking property and later selling that same property constitute one theft offense, as both involve a single act of depriving the owner of the property," *see State v. Cox*, 336 Or 284, 82 P3d 619 (2003).

In support of her motion, defendant's attorney submitted an affidavit in which she stated, in pertinent part:

"The police reports[3] reflect that there was a report of theft of jewelry made by [the victim], a friend of the defendant's mother[,] shortly after the defendant and her family had stayed at [the victim's] home. The jewelry was missing from two jewelry boxes in the master bathroom, and *nothing suggested that the jewelry was taken in any manner than all at the same time and without pause. Several conversations took place with the defendant, and it is reported that she ultimately admitted to taking the jewelry items on one occasion."*

(Emphasis added.)

Attached to defense counsel's affidavit was an e-mail exchange between the district attorneys who were handling the prosecutions in the two counties. In that exchange, which occurred several weeks *after* defendant had pleaded guilty in Multnomah County to the theft of the gold wedding band, the Multnomah County prosecutor reported that defendant had pleaded guilty and that he needed to contact the victim for information so that restitution could be finalized. In forwarding that exchange to defendant's attorney, the Deschutes County prosecutor indicated that there had been phone conversations between her and the Multnomah County prosecutor "in the months prior to this e-mail." However, defendant produced no evidence concerning the content of those phone conversations.

The trial court ultimately ruled that former jeopardy principles precluded the prosecution of Count 9—that is, the count that pertained to the same gold wedding band that was the subject of the Multnomah County prosecution—but

---

[3] The police reports to which defendant's attorney referred were not attached to or otherwise incorporated into her affidavit in support of the motion to dismiss on former jeopardy grounds.

otherwise denied defendant's motion. Specifically, the court reasoned:

> "Regarding the Multnomah County prosecution and the Deschutes County prosecution, the court finds [*Cox*] to be on point and controlling. Therefore, pursuant to ORS 131.515, Count 9 of the Deschutes County Indictment is dismissed.
>
> "The court also considers the applicability of ORS 131.515(2) to this case but finds that there is insufficient evidence to conclude that[] 'the several offenses were reasonably known to the appropriate prosecutor at the time of the commencement of the first prosecution * * *.'"

(Omission in original.)

In sum, the court first concluded that ORS 131.515(1) precluded the prosecution of Count 9—but not the remaining counts—because it was the "same offense" for which defendant had been prosecuted, and pleaded guilty, in Multnomah County. The court further concluded that ORS 131.515(2) did not preclude the Deschutes County prosecution on Counts 1 to 8, because the evidence was insufficient to demonstrate that the offenses were reasonably known to the Multnomah County prosecutor at the time of commencement of that prosecution.

Ultimately, defendant conditionally pleaded guilty to one count of first-degree theft as a lesser-included offense of Count 1 (aggravated first-degree theft). The trial court entered a judgment convicting her of that offense only and dismissing Counts 2 to 9.

Defendant appeals. Because the trial court dismissed Count 9 of the Deschutes County prosecution under ORS 131.515(1), and the state has not cross-appealed that ruling, the issue on appeal is whether the trial court erred in concluding that ORS 131.515(1) and (2) did not bar the prosecution of Counts 1 to 8.

ORS 131.515, the former jeopardy statute, provides:

"Except as provided in ORS 131.525 and 131.535:

"(1)   No person shall be prosecuted twice for the same offense.

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

We begin with defendant's contentions pertaining to ORS 131.515(1). As noted, that subsection provides that "[n]o person shall be prosecuted twice for the *same offense.*" (Emphasis added.) As before the trial court, defendant contends that the Deschutes County charges, individually and collectively, pertained to the "same offense" prosecuted in Multnomah County and that the Supreme Court's holding in *Cox* is dispositive in that respect. In *Cox*, the court held that the defendant committed a single offense of theft by taking the property (*i.e.*, aluminum) from the victim and then attempting to sell that *same* property. 336 Or at 294-95. Defendant acknowledges that this case is distinguishable from *Cox* in that "defendant was charged in Deschutes County with having taken eight items of jewelry and in Multnomah County with having withheld only one item of jewelry." However, defendant asserts that that distinction is immaterial because "[e]ach county's theft * * * was but a single theft, from a single victim, that differed only in its prosecution theory (taking vs. withholding, single item vs. several items)."

Defendant's contention that the Multnomah County prosecution was for the same offense as the Deschutes County prosecution is necessarily predicated on the correctness of an implicit, underlying premise—*viz.*, that defendant committed a *single* theft in Deschutes County. *See State v. Nguyen*, 95 Or App 653, 656 n 1, 771 P2d 279, *rev den*, 308 Or 142 (1989) (reasoning that a defendant's violation of the same criminal statute at different times were separate offenses; finding no violation of ORS 131.515(1) because "[d]efendant was charged twice for identical offenses, not twice for the same offense"). As the party seeking dismissal on former jeopardy grounds, defendant bore the burden of proof as to that "single theft" premise. *State v. Lyons*, 161 Or App 355, 360, 985 P2d 204 (1999) ("It is a defendant's burden to prove each element of former jeopardy[.]"). However, defendant failed to produce legally sufficient evidence to establish the correctness of that premise.

The only evidence in the record pertaining to whether defendant committed one theft—as opposed to multiple thefts—from the victim in Deschutes County was defendant's attorney's statements in her affidavit in support of the motion to dismiss that "nothing suggested that the jewelry was taken in any manner than all at the same time and without pause" and "[s]everal conversations took place with the defendant, and it is reported that she ultimately admitted to taking the jewelry items on *one occasion*." (Emphasis added.) That evidence, without more, is legally insufficient to establish that defendant committed a single theft. Specifically, the *absence* of evidence as to how the pieces of jewelry were taken (*i.e.*, "nothing suggested that the jewelry was taken in any manner than all at the same time and without pause") is legally insufficient to establish the obverse fact (*viz.*, that all of the pieces were, in fact, taken "at the same time and without pause"). *Cf. Huffman*, 234 Or App at 187 (holding that the trial court erred in failing to merge the defendant's guilty verdicts for the theft of four cameras during one visit to Costco; reasoning that "the record is completely devoid of evidence as to how defendant acquired the cameras; for instance, there is no evidence whether defendant moved the cameras simultaneously, whether he moved them in pairs, or whether he moved them individually" and that the state failed to establish that "one theft ended before the next began"). Similarly, the reference to the pieces of jewelry being taken on "one occasion" is insufficient, without more, to establish that they were taken concurrently, not in seriatim fashion, and without pause. In sum, defendant has not demonstrated, for purposes of ORS 131.515(1), that the Deschutes County prosecution is for the "same offense" as the Multnomah County prosecution. Accordingly, the trial court did not err in denying the motion to dismiss on that basis.

The issue thus reduces to whether ORS 131.515(2) barred the Deschutes County prosecution. That statute (again) provides:

"No person shall be separately prosecuted for two or more offenses based upon the same criminal episode,[4] if

---

[4] ORS 131.505(4) defines "criminal episode" to mean "continuous and uninterrupted conduct that establishes at least one offense and is so joined in time,

> the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court."

As noted, 264 Or App at 605, the trial court concluded that there was "insufficient evidence to conclude that[] 'the several offenses were reasonably known to the appropriate prosecutor at the time of the commencement of the first prosecution.'" (Internal quotation marks omitted.) Given that determination, the court did not reach and resolve the question of whether the offenses were "based upon the same criminal episode." ORS 131.515(2).

With respect to the "prosecutorial scienter" component of ORS 131.515(2), defendant has the burden to prove that the offenses were "reasonably known" to the Multnomah County prosecutor at the time of commencement of the prosecution in that county. As we will explain, the state has properly conceded that issue with regard to Counts 2 and 3, necessitating a remand for reconsideration as to those counts. Further, we conclude that, with regard to the remaining counts (*viz.*, Counts 1 and 4 to 8), the trial court properly determined that there was insufficient evidence that the Multnomah County prosecutor had the requisite knowledge.

We begin with the state's concession that, because "Portland Police recovered the rings that are the subject of Counts 2 and 3[—that is, the tourmaline and jade rings—]from defendant's home in Multnomah County," the "Multnomah County prosecutor could have prosecuted defendant for theft by receiving as to those rings." In other words, the state concedes that the Multnomah County prosecutor reasonably knew about the tourmaline and jade rings recovered from defendant's Multnomah County home at the time of the commencement of the prosecution in that county. Given that concession, the state requests that we remand to the trial court to determine whether Counts 2 and 3 of the Deschutes County prosecution arose out of the "same criminal episode" as the theft of the gold wedding band—an

---

place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

issue that (as noted) the trial court did not reach in resolving defendant's motion. We accept the state's concession and agree as to the proposed disposition. Accordingly, if the trial court, on remand, resolves that matter adversely to the state, defendant may withdraw her guilty plea if she chooses to do so. *See* ORS 135.335(3) (providing that "[a] defendant who finally prevails on appeal may withdraw the plea").

With regard to the remaining counts (*i.e.*, Counts 1 and 4 to 8), defendant failed to prove that the Multnomah County prosecutor "reasonably knew" of the offenses. According to defendant,

"[i]n charging defendant with a single count of theft in Multnomah County, prosecutors in Multnomah County *had to have been aware of the extent of [the victim's] loss,* and *had evidence that defendant continued the entirety of her original theft of [the victim's] jewelry while living in Multnomah County* based on the recovery of two pieces of [the victim's] jewelry from defendant's home and *based on defendant's admission to having sold the five additional pieces of jewelry in Multnomah County.*"

(Emphases added.) Defendant's argument is essentially predicated on two facts—*viz.*, that the Multnomah County prosecutor had actual knowledge of the entirety of the victim's loss in Deschutes County and that the prosecutor had evidence that defendant had sold the unrecovered pieces of jewelry in Multnomah County. The fundamental flaw in defendant's argument is that the evidence proffered in support of the motion to dismiss is insufficient to establish either of those two predicates, much less both.

The only direct evidence pertaining to the knowledge of the Multnomah County prosecutor was the e-mail described above, 264 Or App at 604. That e-mail indicates that the prosecutors in the two counties had had phone conversations in the months prior to the date of the e-mail, which was several weeks after defendant pleaded guilty in Multnomah County; however, defendant produced no evidence pertaining to the content of those phone conversations. Although a reasonable factfinder could infer from the e-mail that, by the time that defendant pleaded guilty in Multnomah County, the Multnomah County prosecutor

knew of the existence of the pending prosecution in Deschutes County, there is no evidence from which to infer that he had actual knowledge of the precise nature and scope of the Deschutes County prosecution and the complete extent of the victim's loss. Further, although the parties do not dispute that, at some point, defendant admitted to a *Deschutes County sheriff's deputy* that she had stolen and then sold, traded, or disposed of the unrecovered pieces of jewelry in Multnomah County, defendant produced no evidence supporting a reasonable, nonspeculative inference that the *Multnomah County prosecutor* knew of that admission. Thus, with regard to Counts 1 and 4 to 8, the trial court properly concluded that defendant's evidence was insufficient to establish that the offenses were "reasonably known" to the Multnomah County prosecutor at the time of commencement of the prosecution in that county.

In sum, the trial court properly concluded that ORS 131.515(1) does not bar the Deschutes County prosecution of Counts 1 to 8 and that ORS 131.515(2) does not bar the prosecution of Counts 1 and 4 to 8 in Deschutes County because defendant failed to demonstrate that the Multnomah County prosecutor had the requisite knowledge of those offenses. However, as explained above, 264 Or App at 608-09, the state has conceded that the Multnomah County prosecutor had the requisite knowledge of Counts 2 and 3 and, for that reason, the case must be remanded so that the trial court can consider an issue that it did not address in resolving defendant's motion—that is, whether Counts 2 and 3 arose from the "same criminal episode" as the theft of the gold wedding band that was previously prosecuted in Multnomah County.

Accordingly, we vacate the judgment of conviction and remand with instructions for the court to determine whether Counts 2 and 3 in Deschutes County arose from the "same criminal episode" as the theft of the gold wedding band that was previously prosecuted in Multnomah County. If the trial court determines that Counts 2 and 3 arose from the same criminal episode, the court should dismiss Counts 2 and 3 and defendant may withdraw her plea if she chooses to do so. However, if the trial court determines that those

counts did not arise from the same criminal episode, the court shall reinstate the judgment.

Vacated and remanded with instructions for the court to determine whether the prosecution of Counts 2 and 3 in Deschutes County arose from the "same criminal episode" as the theft of the gold wedding band that was previously prosecuted in Multnomah County.