Submitted July 16, 2020; in Case No. 18CR05809, affirmed; in Case No. 18CR07290, reversed and remanded for merger of the guilty verdicts on Counts 1 and 2, remanded for resentencing, otherwise affirmed June 9; petition for review denied September 16, 2021 (368 Or 560)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TRACEY BRAMLETT COATS,
*Defendant-Appellant.*

Lane County Circuit Court
18CR05809, 18CR07290;
A168956 (Control), A168957

491 P3d 89

Among other criminal activity leading to this consolidated appeal, defendant took without permission a trailer and an ATV from All Seasons Equipment during the same criminal episode. At trial, the jury returned a verdict of guilty on Count 1, unauthorized use of a vehicle (UUV) for unlawfully taking the ATV, and Count 2, UUV for unlawfully taking the trailer. The trial court did not merge those verdicts. Among other contentions on appeal, defendant contends that the guilty verdicts on Counts 1 and 2 in Case No. 18CR07290 should merge. *Held*: The trial court erred in failing to merge Counts 1 and 2. On this record, there was no evidence of cessation of defendant's criminal conduct between taking the trailer and the ATV. Further, defendant's conduct involved the same victim, criminal episode, and violation of the same statutory provision. *See* ORS 161.067.

In Case No. 18CR05809, affirmed. In Case No. 18CR07290, reversed and remanded for merger of the guilty verdicts on Counts 1 and 2; remanded for resentencing; otherwise affirmed.

Karrie K. McIntyre, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Tracey Coats filed the supplemental brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Philip Thoennes, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

In Case No. 18CR05809, affirmed. In Case No. 18CR07290, reversed and remanded for merger of the guilty verdicts on Counts 1 and 2; remanded for resentencing; otherwise affirmed.

**LAGESEN, P. J.**

This is a consolidated appeal in which defendant challenges convictions for unauthorized use of a vehicle (UUV), felony fleeing or attempting to elude, and first-degree theft. He was convicted of one count of UUV and one count of felony attempting to elude in Case No. 18CR05809. In Case No. 18CR07290, he was convicted of four counts of UUV (Counts 1 to 4), first-degree theft (Count 6), and first-degree criminal mischief (Count 7). The cases were tried together. The long and the short of it, defendant took a number of vehicles, mainly to cut them up for parts to sell. He also took a U-Haul van, which he used for hauling parts. On appeal, he contends that the trial court (1) plainly erred by failing to strike or otherwise address what defendant contends is vouching testimony; (2) plainly erred by not delivering concurrence instructions with respect to each count of UUV; (3) plainly erred by instructing the jury that it could return a nonunanimous verdict (the jury was not polled); (4) erred by failing to merge the guilty verdicts of UUV on Counts 1 and 2 in Case No. 18CR07290; (5) erred in denying defendant's motion to suppress; and (6) erred in not excluding defendant's text messages. We agree with defendant on the merger issue but otherwise affirm.

We start with the alleged vouching issue. The following exchange occurred as defense counsel cross-examined Detective Lowe, who investigated defendant's crimes, about Nuroth, one of the witnesses against defendant:

"[DEFENSE COUNSEL:]   What did you tell Mr. Nuroth about possible charges?

"[LOWE:]   I'm referring back to my report. Like I usually do, what's typical is I told him that if he cooperated, I could talk to the district attorney and let them know about his cooperation level. And honestly, I know Mr. Nuroth from the past, and he's always been halfway cooperative. And if he's in a rock and a hard place, he'll pretty much tell you the truth."

Defendant did not object to the detective's remark about Nuroth "pretty much" telling the truth when he has been between "a rock and a hard place," and the trial court did not otherwise intervene. On appeal, defendant asserts that

it is plain that Lowe's testimony was prohibited vouching testimony, such that the trial court had the obligation to strike it absent an objection from defendant.

"For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). We disagree that Lowe's testimony was so obviously impermissible vouching testimony that the trial court was required to intervene absent an objection. "'Vouching' refers to the expression of one's personal opinion about the credibility of a witness." *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019). As the Supreme Court has recognized, "certain statements might be vouching in some contexts but not others." *Id*. Here, in context, it is not plain that Lowe's statement was vouching for Nuroth's credibility with respect to either his testimony at trial or any out-of-court statements. For one, Lowe's statements appear to refer to his past experience with Nuroth and do not plainly refer to anything Nuroth said about the instant case. Additionally, Lowe's comment on Nuroth was qualified to the extent that it suggested that Nuroth in the past was "halfway cooperative," and would "pretty much tell you the truth" when he was between "a rock and a hard place." Given the qualified nature of the statement and its apparent reference to the past, it is not plain that the statement was impermissible vouching. The trial court's failure to address the statement on its own was not plain error.

In the second through sixth assignments of error, defendant contends that the trial court plainly erred in not delivering jury concurrence instructions with respect to the various counts of UUV. In defendant's view, the prosecution's case on those counts both presented the jury with alternative factual occurrences for each count and alternative legal theories. Having considered the arguments on the point and the record, the alleged instructional errors are not obvious ones and, thus, as with the first assignment of error, any error is not plain.

In the seventh assignment of error, defendant contends that the trial court plainly erred in instructing the jury

that it could return nonunanimous verdicts. The jury was not polled. Under these circumstances, although the trial court's instruction was erroneous, the error is not a ground for reversal for the reasons stated in *State v. Dilallo*, 367 Or 340, 346-49, 478 P3d 509 (2020).

Finally, in the eighth assignment of error, defendant contends that the trial court erred by not merging the guilty verdicts for UUV on Counts 1 and 2 in Case No. 18CR07290. Those counts were based on defendant's conduct of taking a trailer and an ATV from All Seasons Equipment (All Seasons) during the same criminal episode. In a nutshell, the evidence at trial showed that defendant and an accomplice (1) took a Chevy Duramax truck from Competition Auto Sales, All Seasons' neighboring business; (2) attached a chain to the truck and used it to pull down the gate to All Seasons' parking lot; (3) attached All Seasons' trailer to the Duramax; (4) drove an ATV belonging to All Seasons onto the trailer; and (5) left the premises with the trailer and the truck, which were ultimately found in different locations. Count 1 alleged that defendant committed UUV through his unlawful taking of the ATV; Count 2 alleged that defendant committed UUV through his unlawful taking of the trailer.

On appeal, defendant contends that the guilty verdicts should merge and that no provision of ORS 161.067 precludes merger. Defendant points out that there is no dispute that each UUV occurred during the same criminal episode and involved a violation of the same statutory provision, meaning that ORS 161.067(1) does not apply to preclude merger. *See State v. Paye*, 310 Or App 408, 420, 486 P3d 808 (2021) (explaining when ORS 161.067(1) bars merger). Defendant next points out that each UUV count involved the same victim, All Seasons, meaning ORS 161.067(2) does not apply to preclude merger. *See id*. at 425 (explaining when ORS 161.067(2) bars merger). Finally, defendant argues that we should not address whether ORS 161.067(3) bars merger because, in defendant's view, the state did not argue the point below, something that defendant contends would have allowed the record to develop differently.

In response, the state argues that ORS 161.067(3) bars merger because the record reflects that the UUV of the

trailer and the UUV of the ATV were separated by a "suffi-
cient pause in the defendant's criminal conduct to afford the
defendant an opportunity to renounce the criminal intent."
ORS 161.067(3). The state points out that the record demon-
strates that defendant obtained the trailer from one portion
of the All Seasons parking lot, attached it to the truck, drove
it to a different portion of the parking lot, and then loaded
the ATV onto it. Those circumstances, in the state's view,
gave defendant plenty of time to change his mind about
whether to engage in the unauthorized use of the ATV in
addition to his unauthorized use of the trailer.

As the parties appear to recognize, ORS 161.067(3)
is the only provision of ORS 161.067 that plausibly operates
to preclude merger on these facts; ORS 161.067(1) and (2) are
plainly inapplicable, so we infer that the trial court relied
on ORS 161.067(3) in declining to merge the guilty verdicts,
although the court did not explain its ruling on the record.
We conclude further that the court erred. This record does
not support an inference that defendant's unlawful use of
the trailer is separated from his unlawful use of the ATV by
a sufficient pause within the meaning of ORS 161.067(3).

A "sufficient pause" for purposes of ORS 161.067(3)
means a "temporary or brief cessation of a defendant's crim-
inal conduct that occurs between repeated violations and is
so marked in scope or quality that it affords a defendant the
opportunity to renounce his or her criminal intent." *State
v. Huffman*, 234 Or App 177, 184, 227 P3d 1206 (2010). The
problem here is that the record evidences *no* cessation *at all*
of defendant's unlawful use of the trailer before defendant
commenced the unlawful use of the ATV. Defendant's unlaw-
ful use of the trailer was part and parcel with his unlawful
use of the ATV; in a very short period of time, he used the
trailer without authorization for the purpose of hauling off,
also without authorization, the ATV. Although, as the state
points out, defendant may have had time to change his mind
about taking the ATV after he began his unlawful use of the
trailer, that is not the question, or at least not the only ques-
tion when it comes to evaluating whether there has been
a sufficient pause for purposes of ORS 161.067(3). Under
our case law, a defendant's unlawful conduct must cease at

least temporarily in order to give rise to a sufficient pause within the meaning of ORS 161.067(3). That did not happen here. We therefore must reverse and remand for merger of the guilty verdicts on Counts 1 and 2 and resentencing. We otherwise affirm.

In Case No. 18CR05809, affirmed. In Case No. 18CR07290, reversed and remanded for merger of the guilty verdicts on Counts 1 and 2; remanded for resentencing; otherwise affirmed.