680 August 28, 2024 No. 620

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MICHAEL RAY EVANS,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
20CV26934; A180103

Claudia M. Burton, Senior Judge.

Submitted August 1, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant. Michael Ray Evans filed the supplemental briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and Balmer, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals a judgment denying postconviction relief (PCR) from five theft convictions, arising from a series of thefts from a sporting goods store. In a counseled assignment of error, petitioner argues that his trial counsel was ineffective for failing to request a jury concurrence instruction. In a *pro se* supplemental brief, petitioner argues that counsel was ineffective for failing to object to a procedural error at petitioner's sentencing hearing. We affirm.

To obtain post-conviction relief on an ineffective assistance of counsel claim under the state and federal constitutions, petitioner must demonstrate (1) that counsel failed to exercise "reasonable professional skill and judgment", and (2) that petitioner "suffered prejudice as a result." *See McMullin v. Amsberry*, 310 Or App 542, 551, 485 P3d 278 (2021) (explaining that the state and federal standards for reviewing ineffective assistance of counsel claims are "functionally equivalent"). We review the PCR court's denial of relief for legal error and accept the court's implicit and explicit factual findings, provided that there is evidence to support them. *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

In his first assignment of error, petitioner contends that the PCR court erred in denying his claim that trial counsel was constitutionally ineffective in failing to request a jury concurrence instruction regarding whether petitioner was guilty as a principal or as an aider and abettor for each charge.

Assuming that petitioner's counsel was deficient in failing to request a concurrence instruction, the PCR court correctly concluded that petitioner was not prejudiced because the state's evidence supported principal liability for all counts. *See State v. Phillips,* 354 Or 598, 613, 317 P3d 236 (2013) (explaining that when "the factual findings necessary to find defendant liable on one theory either subsumed or were the same as the factual findings on the other theory[,]" the error of not giving a concurrence instruction is harmless).

Each theft was committed in essentially the same way. Petitioner selected items and then staged them for an accomplice to remove from the store. At the point at which petitioner selected and moved the items, the theft had been completed—regardless of whether the equipment was later taken by the accomplice. *See State v. Rocha*, 233 Or App 1, 8, 225 P3d 45 (2009), *rev den*, 348 Or 461 (2010) (explaining that a person who moves an item in a store with "a thieving intent" commits theft). As such, petitioner could have been convicted as a principal for both the instances in which the equipment was removed and the instances in which it was not. Therefore, petitioner has not shown that, had counsel requested a concurrence instruction, there is more than a mere possibility that the outcome of the proceedings would have been different. *See Green*, 357 Or at 322 (prejudice requires "more than mere possibility, but less than probability" that the act or omission affected the result).

Petitioner contends that some of the state's evidence would not, in his view, support principal liability. He argues that if some of the jurors accepted only those facts supporting aid-and-abet liability, while others based their finding of guilt on principal liability, then the jury verdict was an "impermissible 'mix and match.'" *State v. Stowell*, 304 Or App 1, 7, 466 P3d 1009 (2020) (quoting *State v. Ashkins*, 357 Or 642, 658, 357 P3d 490 (2015)). However, the same video evidence that could support aid-and-abet liability also supports principal liability—the video depicted petitioner selecting and moving the golf equipment. It is not plausible that any juror would have believed some portions of the video and not others. Any error in counsel's failure to request a concurrence instruction is therefore harmless, and petitioner was not prejudiced. *See State v. Camphouse,* 313 Or App 109, 117, 491 P3d 94 (2021), *rev den*, 369 Or 675 (2022) (explaining that, when there is no plausible way for a jury to have convicted based on a mix and match verdict, the failure to provide a concurrence instruction is harmless).

Petitioner raises an additional *pro se* assignment of error contending that the PCR court erred in denying relief on his claim that trial counsel was ineffective in failing to object to the state's failure to submit a presentence

investigation report to prove petitioner's prior convictions at his sentencing hearing.

Although the state did not establish petitioner's criminal history pursuant to the guidelines set out in the repeat offender statute, ORS 137.717, which requires prior convictions to be proven with a presentence report, petitioner was not prejudiced by his counsel's failure to object. Petitioner's criminal history was established through prosecutorial statements and through a "rap sheet" that listed his prior convictions, which he reviewed with his trial counsel. Petitioner does not argue or provide evidence that the criminal history was in any way inaccurate and thus failed to prove he was prejudiced by any failure to object.

Affirmed.