Argued and submitted June 6, affirmed July 10, 2013

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES ALVIN OSTROM,
*Defendant-Appellant.*

Multnomah County Circuit Court
110848205; A149768

306 P3d 788

George W. Kelly argued the cause and filed the brief for appellant.

Andrew M. Lavin, Assistant Attorney General, filed the brief for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Duncan, Presiding Judge, and Haselton, Chief Judge, and Armstrong, Judge.

PER CURIAM

## PER CURIAM

The state charged defendant with five counts of theft in the second degree, ORS 164.045. Pursuant to a plea agreement, defendant pleaded guilty to three of the counts, and the remaining two were dismissed on the state's motion. After the trial court accepted defendant's guilty pleas, defendant asserted that the trial court should enter a single conviction for the three counts. Specifically, he argued that the counts merged because "they're alleged exactly the same[.]" Each of the three counts alleged that defendant, "on or between November 01, 2010 and August 05, 2011, in the County of Multnomah, State of Oregon, did unlawfully and knowingly commit theft of merchandise, of the total value of one hundred dollars or more, the property of Safeway[.]" *See* ORS 161.067(3) (a court may impose separate convictions for repeated violations of the same statutory provision against the same victim only if the violations are separated from each other by a "sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent").

In response, the state argued that the counts did not merge because "one [theft] was specifically caught on videotape and then there were admissions to four other discrete incidents of theft[.]" The trial court accepted the state's representations and ruled that, because the three counts to which defendant pleaded guilty were based on "discrete events, it's not subjected to merger[.]"

Defendant appeals, challenging the trial court's merger ruling. According to defendant, because the record did not contain information from which the trial court could conclude that there had been a sufficient pause between the three thefts, the court had to enter a single conviction. We review the ruling for errors of law, *State v. Huffman*, 234 Or App 177, 183, 227 P3d 1206 (2010), and affirm.

We conclude that, because defendant pleaded guilty to committing each theft within a date range, the trial court could conclude that defendant committed each theft on different dates—separated by, for example, months—within that range. *See Hibbard v. Board of Parole*, 144 Or App 82,

88, 925 P2d 910 (1996), *vac'd on other grounds*, 327 Or 594, 965 P2d 1022 (1988) (when a defendant pleads guilty to committing a crime within a date range and thereby fails to limit his plea temporally, the defendant "assent[s] to the broadest construction of his pleas, *i.e.*, that the state could prove that he committed the offenses on *any* of the dates alleged in the indictment") (emphasis in original). From there, the trial court could conclude that the thefts were separated by sufficient pauses and, therefore, were separately punishable offenses.

Affirmed.