Submitted June 3, affirmed August 3, 2016, petition for review denied January 13, 2017 (360 Or 752)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## VOYCETTA MARIE WHITE,
*Defendant-Appellant.*

Multnomah County Circuit Court
130733193, 130935237;
A158716 (Control), A158717

380 P3d 1205

Karin Johana Immergut, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## PER CURIAM

Defendant was convicted of five counts of identity theft, ORS 165.800, among other things, and assigns error on appeal to the trial court's failure to merge the five counts into a single identity-theft conviction.[1] The state charged defendant by indictment with, among other things, five counts of identity theft. The indictment identified the same victim as the victim in four of the five identity-theft counts. The remaining count did not identify a victim. The indictment further alleged that each of the five counts occurred within an overlapping range of dates. Defendant signed a written plea agreement in which she acknowledged that, on the dates alleged in the indictment, she had committed identity theft. The trial court accepted defendant's plea, and the state did not present any evidence about the identity-theft counts. Defendant argued at sentencing that the five identity-theft counts should merge into a single conviction. The sentencing court disagreed and entered a judgment of conviction for, among other things, five counts of identity theft. Defendant appeals that judgment, renewing her merger argument. The state concedes that the sentencing court erred when it failed to merge the five identity-theft counts into a single identity-theft conviction.

We cannot accept the state's concession. If a defendant is found guilty of repeated violations of the same statutory provision against the same victim, the offenses merge unless they are separated from each other by a "sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." ORS 161.067(3). However, when a defendant pleads guilty to committing a crime within a range of dates, the trial court can consider the crime to have been committed on any of the dates within the range. *See State v. Ostrom*, 257 Or App 520, 521, 306 P3d 788 (2013) (court properly denied merger of multiple counts of second-degree theft committed against same victim based on guilty pleas that covered overlapping

---

[1] Defendant also appeals a judgment convicting her of other crimes, the appeal of which was consolidated with the appeal of the judgment that includes the five identity-theft convictions. Because defendant does not raise any assignment of error regarding the second judgment, we affirm that judgment without further discussion.

range of dates); *see also Hibbard v. Board of Parole*, 144 Or App 82, 88, 925 P2d 910 (1996), *vac'd on other grounds*, 327 Or 594, 965 P2d 1022 (1998) (when defendant pleads guilty to committing a crime within a date range and thereby fails to limit the plea temporally, defendant "assent[s] to the broadest construction of his pleas, *i.e.*, that the state could prove that he committed the offenses on any of the dates alleged in the indictment" (emphasis omitted)). Here, the sentencing court could find for purposes of merger that the incidents of identity theft comprising the five counts occurred on dates separate from each other and, therefore, that each count was separated by a sufficient pause. *See Ostrom*, 257 Or App at 521.

Affirmed.