Argued and submitted September 24, 2015; convictions on Counts 2 and 3 reversed and remanded for entry of a judgment of conviction for one count of first-degree sexual abuse, remanded for resentencing, otherwise affirmed December 29, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUAN MADRIGAL AVILA,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1300617; A156215

388 P3d 383

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. With her on the briefs was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Peenesh H. Shah, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## GARRETT, J.

Defendant appeals a judgment of conviction for two counts of first-degree sexual abuse, ORS 163.427.[1] He assigns error to the trial court's failure to merge the guilty verdicts on those two counts into a single conviction under ORS 161.067(3).[2] Reviewing for legal error, *State v. Davis*, 265 Or App 425, 438-39, 335 P3d 322 (2014), *rev den*, 356 Or 837 (2015), we agree with defendant that the trial court erred by entering multiple convictions, because the record does not contain evidence that would allow a nonspeculative inference that each crime was separated from the other by a "sufficient pause" to allow defendant an opportunity to renounce his criminal intent. Accordingly, we reverse and remand for resentencing.[3]

The following relevant facts are recounted in the light most favorable to the state. *State v. Washington*, 355 Or 612, 614, 330 P3d 596, *cert den*, 135 S Ct 685 (2014). The victim's mother attended the same church as defendant and his wife. The victim, who was then 11 years old, spent a significant amount of time at defendant's home while her mother was at work. One afternoon, when they were alone in defendant's home, defendant told the victim that he wanted to show her something in his bedroom. Inside the bedroom, defendant showed her a book on Cardiopulmonary Resuscitation (CPR) and proceeded to demonstrate mouth-to-mouth CPR

---

[1] ORS 163.427(1) provides that a person commits the crime of first-degree sexual abuse if, among other things, that person:

"(a) Subjects another person to sexual contact and:

"(A) The victim is less than 14 years of age[.]"

[2] ORS 161.067(3) provides, in part:

"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

[3] Our disposition that the trial court erred by entering multiple convictions for first-degree sexual abuse obviates the need to reach defendant's second assignment of error, in which defendant contends that the trial court plainly erred by ordering him to pay $1,214 in court-appointed attorney fees in the absence of evidence in the record of his ability to pay those fees.

on the victim. Defendant then kissed the outside of the victim's vagina. Defendant also kissed the victim's breasts.

Based on those acts, defendant was charged with, among other things,[4] two counts of first-degree sexual abuse, ORS 163.427—Count 2 (touching of the victim's vagina) and Count 3 (touching of the victim's breasts). Defendant waived his right to a jury trial, and the case was tried to the court. The victim testified that, on the day in question, defendant touched both her vagina and breasts while they were alone in his bedroom.[5] Apart from that testimony, the state offered no evidence of the sequence, timing, or duration of those acts. The trial court found defendant guilty on both counts, explaining:

> "I think that [the victim] was credible in her testimony and the way she reported it * * *.
>
> "* * * * *
>
> "I believe this touching, which did occur, occurred once. * * * I do believe that there was contact by touching her vagina and contact by touching her breasts and therefore I'm going to find the defendant * * * guilty of Counts 2 and 3."

At sentencing, defendant asked the court to merge the guilty verdicts on Counts 2 and 3 into a single conviction on the ground that both violations "occurred on one day in approximately the same time and approximately the same space." The trial court denied defendant's request and entered separate convictions on both counts. Defendant appeals.

The sole issue on appeal is whether the trial court erred in declining to merge defendant's guilty verdicts and entering separate convictions on Counts 2 and 3. "As a general matter, with respect to a single criminal episode, criminal conduct that violates only one statutory provision will yield only one conviction unless the so-called 'antimerger'

---

[4] Defendant was also charged with one count of first-degree sodomy, ORS 163.405 (Count 1). The trial court acquitted defendant on that count based on its conclusion that the evidence was insufficient to support a conviction for that crime.

[5] The victim's testimony regarding the sequence of the two touchings was equivocal.

statute, ORS 161.067, operates so as to permit the entry of multiple convictions." *State v. Reeves*, 250 Or App 294, 304, 280 P3d 994, *rev den*, 352 Or 565 (2012). As pertinent here, ORS 161.067(3) provides:

> "When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that *each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent.* Each method of engaging in deviate sexual intercourse as defined in ORS 163.305, and each method of engaging in unlawful sexual penetration as defined in ORS 163.408 and 163.411 shall constitute separate violations of their respective statutory provisions for purposes of determining the number of statutory violations."

(Emphasis added.)

Defendant contends that the trial court erred when it failed to merge his guilty verdicts on Counts 2 and 3 because the record lacks evidence of a pause in his criminal conduct sufficient to afford him an opportunity to renounce his criminal intent. Defendant notes that both acts of sexual abuse were directed at the same victim and occurred during a single incident, in a single place. Defendant also points to the absence of evidence of any temporal break or intervening event between the two offenses. Thus, defendant contends that the state failed to carry its burden of showing that the offenses were separated by a "sufficient pause" so as to preclude merger under ORS 161.067(3).

In response, the state does not develop an argument as to sufficient pause. Rather, the state contends that ORS 161.067(3) is inapplicable to this case because defendant's acts did not constitute "the same conduct or criminal episode" as the phrase is used in that statute. Specifically, the state argues that, because defendant was found guilty of two counts of sexual abuse for contact with two different body parts (the victim's vagina and breasts), the counts are not based on the "same conduct." The state further contends that

the phrase "criminal episode" in ORS 161.067(3) is inapplicable to crimes that, like sexual abuse, involve discrete acts rather than "result-oriented" crimes (*e.g.*, assault) or crimes that involve a "durational aspect" (*e.g.*, kidnapping).[6]

The state's argument fails for the reasons articulated in our recent decision in *State v. Nelson*, 282 Or App 427, 386 P3d 73 (2016). In that case, we expressly rejected the construction of ORS 161.067 that the state urges us to adopt here—*i.e.*, that the statute does not apply when the defendant commits multiple, discrete acts of sexual abuse, because those acts can never constitute "the same conduct or criminal episode" within the meaning of ORS 161.067(3). *Nelson*, 282 Or App at 429-30. Similarly, here, we reject the state's contention that merger of defendant's guilty verdicts for separate counts of sexual abuse is precluded simply because the verdicts were based on defendant's contact with

---

[6] We recently summarized an identical argument made by the state regarding the applicability of ORS 161.067 to sexual crimes in *State v. Nelson*, 282 Or App 427, 434-35, 386 P3d 73 (2016).

"[T]he state's argument flows from the premise that 'crimes are defined in a variety of ways.' The state provides examples of three categories of crimes. First, the state points to 'result-oriented crimes' like assault, where some sort of physical injury must result from a defendant's act or acts. For example, fourth-degree assault occurs when someone '[i]ntentionally, knowingly or recklessly causes physical injury to another.' *See* ORS 163.160(1). Therefore, according to the state, assault 'is not defined by any particular action but by the cumulative effects of the defendant's actions.' Second, the state references crimes that are defined by conduct, but have a 'durational aspect.' For example, second-degree kidnapping requires the specific act of taking a person to another place or secretly confining a person, but, according to the state, the crime continues the whole time the defendant is substantially interfering with the victim's personal liberty. *See* ORS 163.225. Third, and finally, the state points to crimes—like sexual abuse—that are 'defined primarily or solely as an act.' In those crimes, the offense is made up of 'discrete instances of conduct.'

"The state posits that the first two categories of crimes—*i.e.*, 'result-oriented crimes' and crimes with a 'durational aspect'—are best described in terms of occurring during a 'criminal episode.' The state argues, however, that the third category of crimes—*i.e.*, crimes defined primarily or solely as an act—do not constitute a 'criminal episode' but are 'discrete instances of conduct.' From the state's underlying premise that 'crimes are defined in a variety of ways' the state concludes that, 'because of the variety and types of crimes that potentially fall within the reach of ORS 161.067, it appears that the legislature used the phrase "same conduct or criminal episode" simply to be inclusive.' Based on that conclusion, the state further explains that the legislature used 'same conduct' to refer to 'conduct crimes,' and 'criminal episode' to refer to only 'result-based or cumulative crimes.'"

different body parts.[7] Accordingly, we proceed to defendant's argument that the trial court erred when it failed to merge his guilty verdicts into a single conviction because the two crimes were not separated by a "sufficient pause" to allow defendant to renounce his criminal intent.

To support the entry of multiple convictions for the same offense under ORS 161.067(3), the state must present evidence sufficient to show that one crime ended before another began and that each crime was separated from the others by a pause in the defendant's criminal conduct sufficient to afford him an opportunity to renounce his criminal intent. *State v. West-Howell*, 282 Or App 393, 397-98, 385 P3d 1121 (2016). The term "sufficient pause" means "a temporary or brief cessation of a defendant's criminal conduct that occurs between repeated violations and is so marked in scope or quality that it affords a defendant the opportunity to renounce his or her criminal intent." *State v. Huffman*, 234 Or App 177, 184, 227 P3d 1206 (2010). "The duration of a pause and what a defendant did during a pause are questions of historical fact; whether a pause was sufficient to afford the defendant an opportunity to renounce his criminal intent, however, is a question of law." *West-Howell*, 282 Or App at 397 (citing *State v. Reed*, 256 Or App 61, 63, 299 P3d 574, *rev den*, 353 Or 868 (2013)). The state, as the party asserting that the defendant's conduct is separately punishable under ORS 161.067(3), bears the burden of producing legally sufficient evidence of the requisite sufficient pause. *Nelson*, 282 Or App at 443 (citing *State v. McConville*, 243 Or App 275, 284, 259 P3d 947 (2011)).

Having reviewed the record, we agree with defendant that the state failed to adduce sufficient evidence to support a conclusion that defendant's two acts constituting first-degree sexual abuse were separated by a sufficient pause. The record reveals only that, during a single encounter in defendant's bedroom, defendant separately touched the victim's vagina and breasts. The record is completely devoid of any evidence as to the duration of time (if any) that

---

[7] We note that, as in *Nelson*, the state in this case does not argue that if ORS 161.067 *does* apply, defendant's separate acts of sexual contact did not occur in the same "criminal episode."

elapsed between the two offenses, or whether the offenses were separated by some intervening event. *Cf. State v. King*, 261 Or App 650, 656, 322 P3d 597 (2014) (upholding the entry of separate convictions for multiple counts of assault where "something of significance" occurred between the assaults). Moreover, on appeal, the state does not argue that any such evidence exists.[8] Accordingly, we conclude that the evidence in this case is insufficient to support a nonspeculative inference that defendant's acts in violating ORS 163.427 were separated from one another by a pause sufficient to afford him an opportunity to renounce his criminal intent. *See Nelson*, 282 Or App at 447 (guilty verdicts for multiple counts of first-degree sexual abuse merged where the record demonstrated "only that defendant's acts occurred in sequence over a brief period of time"). Thus, the trial court erred when it failed to merge defendant's guilty verdicts into a single conviction for first-degree sexual abuse.

Convictions on Counts 2 and 3 reversed and remanded for entry of a judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.

---

[8] At oral argument, the state conceded that there is "a record problem" with respect to sufficient pause, but argued that such a pause may nevertheless be inferred from the fact that the touchings were likely separated by some indeterminate amount of time. Even assuming that such a pause existed, such evidence is legally insufficient to support a conclusion that the pause was "so marked in scope or quality" as to afford defendant an opportunity to renounce his criminal intent. *Huffman*, 234 Or App at 184.