Submitted January 31; convictions on Counts 2, 3, and 4 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse, remanded for resentencing, otherwise affirmed March 1, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROBERT AARON WILLIAMS,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1400195; A159448

391 P3d 994

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Lauren P. Robertson, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

## PER CURIAM

Defendant appeals a judgment of conviction for attempted first-degree sodomy, ORS 163.405, and three counts of first-degree sexual abuse (Counts 2, 3, and 4), ORS 163.427.[1] He assigns error to the trial court's failure to merge the guilty verdicts on the three sexual abuse counts into a single conviction under ORS 161.067(3).[2] Specifically, defendant contends that the guilty verdicts for his underlying acts of "touching three body parts" must merge because he committed "the offenses during the same criminal episode and [did not] pause between the touchings."

The state responds, for the same reasons that it advanced in *State v. Nelson*, 282 Or App 427, 386 P3d 73 (2016), *State v. Dugan*, 282 Or App 768, 387 P3d 439 (2016), and *State v. Avila*, 283 Or App 262, 388 P3d 383 (2016), that ORS 161.067(3) is inapplicable to this case because defendant's acts did not constitute "the same conduct or criminal episode" as the phrase is used in that statute. We reject the state's argument based on our decisions in *Nelson*, *Dugan*, and *Avila*.

Alternatively, the state argues that the three sexual abuse verdicts should not merge because the acts that support those verdicts were not simultaneous and took place over the course of several minutes. That argument also fails in light of *Nelson*, in which we held that "merger of guilty verdicts for multiple acts of sexual contact with different body parts constituting sexual abuse is proper where the defendant's conduct occurred in one location,

---

[1] ORS 163.427(1) provides that a person commits the crime of first-degree sexual abuse if, among other things, that person:

"(a) Subjects another person to sexual contact and:

"(A) The victim is less than 14 years of age[.]"

[2] ORS 161.067(3) provides, in part:

"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

'without interruption by any "significant" event, and without a pause in the defendant's aggression.'" *Dugan,* 282 Or App at 772 (quoting *Nelson,* 282 Or App at 447). In this case, as in *Nelson,* the record does not contain evidence that would allow a nonspeculative inference "that 'something of significance' occurred between the defendant's sequential acts of touching." 282 Or App at 446. Accordingly, we agree with defendant that the trial court should have merged the guilty verdicts for first-degree sexual abuse into a single conviction.[3]

Convictions on Counts 2, 3, and 4 reversed and remanded for entry of judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.

---

[3] Our disposition that the trial court erred by entering multiple convictions for first-degree sexual abuse obviates the need to reach defendant's second assignment of error, in which he argues that the trial court erred in imposing consecutive sentences on two of his convictions for first-degree sexual abuse.