ARMSTRONG, P.J.
*471 *807 Defendant appeals a judgment of conviction for, among other things, two counts of first-degree sexual abuse, ORS 163.427 (Counts 1 and 3), contending that the trial court plainly erred by failing to merge the guilty verdicts on those counts into a single conviction.[1] A jury convicted defendant of those counts for touching different parts of the victim's body in the course of a single encounter between defendant and the victim. Defendant contends that the trial court was required to merge the verdicts on those counts into a single conviction for first-degree sexual abuse because the record does not establish that there was a pause between defendant's acts of touching the victim that was sufficient under ORS 161.067(3) to prevent the merger of the verdicts. Consequently, according to defendant, the trial court plainly erred by failing to merge the verdicts on Counts 1 and 3 into a single conviction. The state responds that the error does not qualify for plain-error review because the legal point on which defendant's argument relies is not obvious and, even if the legal point is obvious, we should nonetheless decline to exercise our discretion to correct the error. We agree with defendant that the trial court plainly erred in failing to merge the verdicts and that we should exercise our discretion to correct the error. Accordingly, we reverse defendant's convictions on Counts 1 and 3 and remand for entry of a judgment of conviction for one count of first-degree sexual abuse and for resentencing but otherwise affirm.
We state the facts in the light most favorable to the state to determine whether merger was required. See, e.g. , State v. Nelson , 282 Or. App. 427, 430, 386 P.3d 73 (2016). The victim, who was 12 years old, was lying in bed asleep one evening and awakened to discover defendant rubbing his thigh. Defendant then placed his finger in the victim's anus. The victim rolled over, and defendant left the victim's bed. Eventually, defendant was found guilty and convicted of two counts of first-degree sexual abuse, one for touching the victim's thigh and the other for touching his anus.
*808 Defendant assigns error to the trial court's failure to merge the two guilty verdicts into a single conviction, arguing that the evidence, viewed in the light most favorable to the state, demonstrates that the two acts of touching occurred without a pause between them that was sufficient under ORS 161.067(3) to prevent the merger of the verdicts. The state responds that the verdicts should not be merged because touching two distinct body parts of a victim's body are not part of "the same conduct or criminal episode" and, under ORS 161.067(3), the verdicts cannot be merged. Alternatively, the state contends that the record establishes that the trier of fact could draw a nonspeculative inference that there was a sufficient pause between defendant's touching of the victim's thigh and anus, thereby also foreclosing merger under ORS 161.067(3).
Since this case was submitted, we held in Nelson that touching separate parts of a victim's body is not, by itself, sufficient to preclude the merger of convictions under ORS 161.067(3). 282 Or. App. at 436-42, 386 P.3d 73. Rather, the state must introduce evidence from which the trier of fact could draw a nonspeculative inference that there was a sufficient pause between the acts constituting sexual abuse. Id. at 446-47, 386 P.3d 73 ; see also State v. Williams , 284 Or. App. 194, 196, 391 P.3d 994 (2017) ("[T]he record does not contain evidence that would allow a nonspeculative inference that something of significance occurred between the defendant's *472 sequential acts of touching." (Internal quotation marks omitted.) ). Thus, for the reasons stated in Nelson , we reject the state's first argument-viz. , that the verdicts on the counts cannot merge because they involved the touching of different parts of the victim's body. Further, we conclude that no rational trier of fact could draw a nonspeculative inference that there was a pause between defendant's acts of touching the victim's thigh and anus sufficient to prevent merger under ORS 161.067(3), because the only evidence in the record is the victim's statement that the touching occurred in immediate succession. See, e.g. , Nelson , 282 Or. App. at 443, 386 P.3d 73 ("We have interpreted sufficient pause, as that term is used in ORS 161.067(3), to mean a temporary or brief cessation of a defendant's criminal conduct that occurs between repeated violations and is so marked in scope or quality that it affords *809 a defendant the opportunity to renounce his or her criminal intent." (Internal quotation marks omitted.) ).
We turn to whether the unpreserved error in failing to merge the verdicts is plain and whether we should exercise our discretion to correct it. Under ORAP 5.45, we may review an unpreserved error as plain error if "(1) the error is one of law; (2) the error is apparent, that is, the legal point is obvious, not reasonably in dispute; and (3) the error appears on the face of the record, in that we need not go outside the record or choose between competing inferences to find it." State v. Belen , 277 Or. App. 47, 52, 369 P.3d 438 (2016) (alterations and internal quotation marks omitted). Here, we conclude that all three conditions are satisfied. First, whether the verdicts should have been merged is a legal question. See, e.g. , State v. Avila , 283 Or. App. 262, 264, 388 P.3d 383 (2016) (reviewing for legal error the trial court's failure to merge multiple verdicts). Second, the error is apparent and not reasonably in dispute. See Nelson , 282 Or. App. at 446-47, 386 P.3d 73 ; see also State v. Jury , 185 Or. App. 132, 139, 57 P.3d 970 (2002), rev den , 335 Or. 504, 72 P.3d 636 (2003) (whether an error is apparent on the face of the record is determined at the time the appeal is decided, not at the time the objection was made). Finally, there are no competing inferences in the record. The record, viewed in the light most favorable to the state, would not allow a trier of fact to find a nonspeculative inference that something of significance occurred between defendant's sequential acts of touching. Thus, the error qualifies for plain-error review.
The state urges us not to exercise our discretion to correct the error because "defendant had ample opportunity to raise the issue of merger of convictions," and defendant, at sentencing, may have had a strategic reason not to object to the court's failure to merge the two verdicts because defendant was focusing on whether convictions on the verdicts should be sentenced consecutively rather than concurrently. We disagree with the state. The relevant considerations weigh in favor of us exercising our discretion to correct the error. We cannot identify any strategic reason that defendant would have had for not objecting to the entry of separate convictions. The state's speculation that defendant *810 could have had a strategic reason for not objecting does not follow from the circumstances in this case, and we reject it as a basis on which to decline to exercise our discretion to correct the plain error. We have exercised our discretion to correct a trial court's plain error in failing to merge verdicts in prior cases, and, for the same reasons, we exercise our discretion to correct the merger error in this case. See, e.g. , State v. Sheikh-Nur , 285 Or. App. 529, 533, 398 P.3d 472, rev den , 361 Or. 886, 403 P.3d 767 (2017) ("[T]he presence of an additional conviction on defendant's criminal record misstates the nature and extent of defendant's conduct; furthermore, the state has no interest in convicting a defendant twice of the same crime." (Internal quotation marks omitted.) ); State v. Valladares-Juarez , 219 Or. App. 561, 564-65, 184 P.3d 1131 (2008) ("[W]e cannot identify any strategic reason that defendant may have had for not objecting to the entry of separate *** convictions.").
Convictions on Counts 1 and 3 reversed and remanded for entry of a judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.

Defendant was convicted of other crimes, but we do not discuss them because his assignment of error does not relate to those convictions.