ARMSTRONG, P.J.
*153 Defendant appeals a judgment of restitution in a residential forcible entry and unlawful detainer (FED) proceeding, raising 11 assignments of error. We address only defendant's fourth assignment, in which he contends that the trial court plainly erred by *1120 admitting as evidence to impeach one of defendant's witnesses criminal convictions that were more than 15 years old, which violated OEC 609(3)(a).[1] We conclude that the trial court plainly erred in admitting that evidence, and we exercise our discretion to correct the error. Accordingly, we reverse and remand.
Plaintiff initiated this FED action to evict defendant from a residence. The parties had a trial to the court in which neither party was represented by counsel. Defendant called a witness, McKillop, who was living at the apartment complex where defendant lived. The trial court conducted McKillop's examination, as it did for all of the witnesses. McKillop testified that he had never seen defendant yell, scream, or act in an intimidating manner toward other residents. Rather, McKillop testified that the property manager, Boswell, and another of plaintiff's employees had bullied and intimidated residents. That testimony led to the following exchange:
"JUDGE: Okay. So, and you're currently facing an eviction out of the property?
"McKILLOP: That is true.
"JUDGE: Okay. And you've previously been convicted of crimes involving dishonesty, correct?
"McKILLOP: Uh, when was that ma'am?
"JUDGE: I'm uh....
"McKILLOP: Twenty-five years ago?
"JUDGE: Um, Mr. McKillop?
"McKILLOP: Okay.
"JUDGE: Don't get smarty with me.
*154 "McKILLOP: I'm not.
"JUDGE: You were the one who was convicted, so ***.
"McKILLOP: That's true.
"JUDGE: I'm asking you a question. Don't be smart with me, okay. Just answer, yes or no. Have you previously been convicted of crimes involving dishonesty?
"McKILLOP: Yes, ma'am.
"JUDGE: Okay. Alright. You can step down."
Ultimately, the trial court concluded that plaintiff's witnesses were more credible than defendant's and entered a judgment of restitution for plaintiff.
As noted, defendant contends on appeal that the trial court plainly erred by admitting as evidence to impeach McKillop criminal convictions that exceeded the 15-year age limit for convictions specified in OEC 609(3)(a) for the admission of such evidence. OEC 609(3)(a) provides that evidence of a conviction is not admissible to impeach a witness if a "period of more than 15 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date."[2] Defendant argues that the evidence at trial indicated that the convictions at issue were 25 years old. Additionally, defendant moved to supplement the record on appeal, which we allow, with copies of the trial court's Odyssey records. Those records show that McKillop's most recent criminal convictions were entered in 1993 and that the period of confinement for those convictions ended more than 15 years before trial.[3] Defendant concludes that none of *155 McKillop's convictions was admissible for impeachment, and the trial court plainly erred by admitting evidence of them.
Normally, we will not consider an assignment of error on appeal that has not been preserved below. However, we may review an unpreserved error as plain error if
*1121 "(1) the error is one of law; (2) the error is apparent, that is, the legal point is obvious, not reasonably in dispute; and (3) the error appears on the face of the record, in that we need not go outside the record or choose between competing inferences to find it."
State v. Loving , 290 Or. App. 805, 809, 417 P.3d 470 (2018).
Here, because all three plain-error conditions are satisfied, we conclude that the trial court plainly erred by impeaching a witness with convictions that were older than 15 years. First, whether the court erred in admitting evidence of a conviction barred by OEC 609(3)(a) is a legal question. Second, the legal point is obvious because the unambiguous text of OEC 609(3)(a) bars the admission for impeachment of evidence of convictions that are older than 15 years. Finally, the error is apparent on the record, because the evidence in the record establishes that the convictions that the court admitted to impeach McKillop were older than 15 years. Accordingly, the trial court plainly erred by impeaching McKillop with inadmissible conviction evidence.
Finally, we must decide whether to exercise our discretion to correct the error. We are guided by, among other things,
"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way."
Ailes v. Portland Meadows, Inc. , 312 Or. 376, 382 n. 6, 823 P.2d 956 (1991). Here, based on the totality of the circumstances, we exercise our discretion to correct the error to further the ends of justice because the trial court introduced the inadmissible evidence to impeach McKillop and relied on it to *156 resolve the credibility questions in the case, which were central to the court's verdict. Moreover, although defendant did not object to the impeachment evidence, McKillop raised the issue whether the age of the convictions affected their use as impeachment evidence, which gave the trial court the opportunity to consider that issue and thereby effectively served the policies underlying the preservation requirement.
Reversed and remanded.

Our resolution of defendant's fourth assignment of error obviates our need to address the remaining assignments.

OEC 609(3) provides:
"Evidence of a conviction under this section is not admissible if:
"(a) A period of more than 15 years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date; or
"(b) The conviction has been expunged by pardon, reversed, set aside or otherwise rendered nugatory."

Defendant's third assignment of error contends that the trial court plainly erred by using Odyssey to conduct an independent investigation of McKillop and defendant and by introducing evidence at trial based on that investigation. As explained above, our decision on the fourth assignment of error obviates the need for us to address any other assignment.