PER CURIAM
*796 Defendant appeals a judgment of conviction for two counts of second-degree sexual abuse, ORS 163.425, and three counts of first-degree sexual abuse, ORS 163.427, raising two assignments of error. We reject his first assignment of error without discussion. In his second assignment of error, defendant contends that two guilty verdicts of the first-degree sexual abuse convictions should merge. We agree, and therefore reverse and remand for resentencing.
We review a trial court's denial of a request to merge under ORS 161.067 for errors of law. State v. Davis , 265 Or. App. 425, 438, 335 P.3d 322 (2014), rev. den. , 356 Or. 837, 346 P.3d 496 (2015). Defendant assaulted the victim twice. He first forcibly touched her breasts and vagina and then penetrated her without her consent. Defendant then fell asleep. The victim attempted to escape defendant's house, but was unable to leave. Defendant woke up and told the victim she could leave if she "cuddle[d] with him for another 15 minutes." Defendant then put his hands down the victim's pants and again penetrated her without her consent. Defendant was convicted of two counts of second-degree sexual abuse and three counts of first-degree sexual abuse.
On appeal, defendant argues that two of the convictions for first-degree sexual abuse should merge. ORS 161.067(3) provides that
"[w]hen the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent ."
(Emphasis added.)
Defendant argues that, during the first assault, defendant's actions of touching the victim's breasts and then vagina were not separated by a sufficient pause to be *797 separately punishable and, thus, two of defendant's convictions for first-degree sexual abuse must merge. The state concedes that the trial court erred in that respect, and we accept the concession. State v. Dugan , 282 Or. App. 768, 772, 387 P.3d 439 (2016) (citing State v. Nelson , 282 Or. App. 427, 447, 386 P.3d 73 (2016) ) (Merger is proper for *1246 multiple acts of sexual contact with different body parts constituting sexual abuse when acts occurred in one location, without interruption by a significant event, and without a pause in defendant's aggression.). Consequently, we reverse and remand for merger of those guilty verdicts and for resentencing.
Convictions on Counts 5 and 6 reversed and remanded for entry of a judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.