*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted June 21; convictions on Counts 2 and 3 reversed and remanded for entry of a judgment of conviction for one count of first-degree sexual abuse, remanded for resentencing, otherwise affirmed July 13; petition for review denied October 20, 2022 (370 Or 404)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CLAUDIO VALENTIN-ESPINOZA,
*Defendant-Appellant.*

Washington County Circuit Court
C150753CR; A174743

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Morgen E. Daniels, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

PER CURIAM

Convictions on Counts 2 and 3 reversed and remanded for entry of a judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals his convictions on one count of first-degree unlawful sexual penetration (Count 1), ORS 163.411, and two counts of first-degree sexual abuse (Counts 2 and 3), ORS 163.427. He argues that the trial court erred in denying his motion for judgment of acquittal on the unlawful sexual penetration count; we conclude that the evidence was sufficient to support his conviction on that count. He also argues that the trial court plainly erred in failing to merge the two counts of first-degree sexual abuse. The state concedes that they should have merged and agrees that this court should exercise discretion to correct it as plain error. We agree with the state's concession.

Under ORS 161.067(3), when a defendant during a criminal episode violates only one statutory provision and the episode involves only one victim,

> "but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

Both sexual abuse counts involved the same criminal episode and the same victim. As the state concedes, there is no evidence in the record that there was a "sufficient pause" between the crimes to be separately punishable under ORS 161.067(3). For the reasons set forth in *State v. Loving*, 290 Or App 805, 417 P3d 470 (2018) and *State v. Sheikh-Nur*, 285 Or App 529, 398 P3d 472, *rev den*, 361 Or 886 (2017), we exercise discretion to correct the error.

Convictions on Counts 2 and 3 reversed and remanded for entry of a judgment of conviction for one count of first-degree sexual abuse; remanded for resentencing; otherwise affirmed.