***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted January 4; convictions on Counts 1 and 5 reversed and remanded for entry of judgment of conviction for one count of second-degree sexual abuse, convictions on Counts 2 and 4 reversed and remanded for entry of judgment of conviction for one count of second-degree sexual abuse, convictions on Counts 3 and 6 reversed and remanded for entry of judgment of conviction for one count of second-degree sexual abuse, remanded for resentencing, otherwise affirmed February 15, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LISA MARIE DEFLURI,
*Defendant-Appellant.*

Lane County Circuit Court
20CR68023; A176093

Charles D. Carlson, Judge.

Laura E. Coffin and Luvaas Cobb filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Pagán, Judge, and Armstrong, Senior Judge.

MOONEY, P. J.

Convictions on Counts 1 and 5 reversed and remanded for entry of judgment of conviction for one count of second-degree sexual abuse; convictions on Counts 2 and 4 reversed and remanded for entry of judgment of conviction for one count of second-degree sexual abuse; convictions on Counts 3 and 6 reversed and remanded for entry of judgment of conviction for one count of second-degree sexual abuse; remanded for resentencing; otherwise affirmed.

**MOONEY, P. J.**

Defendant was convicted of 11 counts of second-degree sexual abuse, ORS 163.425 (2018), *amended by* Or Laws 2021, ch 403, § 1, based on her guilty plea, and the trial court sentenced her to a total of 86 months' incarceration. She appeals, raising eight assignments of error. In her first three assignments, defendant contends that the trial court erred in failing to merge certain counts, and the state concedes those errors. As explained below, we agree with the parties that the trial court erred in not merging the counts and, consequently, we remand for resentencing. ORS 138.257(4)(a)(A). Defendant's remaining assignments of error challenge various aspects of her sentence as plain error.[1] Because the case must be remanded for resentencing, we need not address those unpreserved assignments. Rather, defendant can raise those issues on remand if she so chooses (and they arise), allowing the trial court to consider and decide them in the first instance.

The pertinent background facts are few and undisputed. The charges in this case arose out of a long-term relationship between defendant, a middle- and high-school teacher, and A, who was 16 years old at the time of the crimes. The relationship eventually became sexual. Defendant was a family friend of A; she was also A's basketball coach and teacher. According to the investigating detective, the amount of evidence that was discovered reflected an "obsession" between defendant and A. Defendant was ultimately charged with 11 counts of second-degree sexual abuse, and she pleaded guilty to all counts, without plea concessions from the state. After a sentencing hearing, she was sentenced to a total of 86 months' incarceration. Except as discussed immediately below in connection with defendant's

---

[1] In her fourth through seventh assignments of error, defendant challenges the trial court's grid block categorization on certain counts, arguing that the court plainly erred when it reconstituted defendant's criminal history score as it imposed sentence, when, in defendant's view, all 11 counts comprised one criminal episode. In her eighth assignment, defendant asserts that her total 86-month sentence violates by 50 months the rule that, when imposing multiple sentences consecutively, a trial court cannot impose a total incarceration term that is greater than twice the maximum presumptive incarceration term for the primary sentence, except by departure. *See* OAR 213-012-0020(2)(b) (colloquially known as the "200-percent" rule).

merger argument, the details of the individual convictions and sentences are immaterial for purposes of this appeal.

As she did below, defendant argues on appeal that the trial court erred under ORS 161.067(3) in not merging several of the counts. ORS 161.067(3) provides, in part:

"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

*See also State v. Reeves*, 250 Or App 294, 304, 280 P3d 994, *rev den*, 352 Or 565 (2012) (generally, with respect to a single criminal episode, "criminal conduct that violates only one statutory provision will yield only one conviction unless the so-called 'antimerger' statute, ORS 161.067, operates so as to permit the entry of multiple convictions").

In particular, defendant contends that

- Count 5 (subjecting A to sexual contact by touching her lips or mouth "on or about July 3, 2020") should have merged with Count 1 (subjecting A to sexual contact by touching her lips or mouth "on or about July 3, 2020").

- Count 4 (subjecting A to sexual contact by touching her lips or mouth "on or about July 2, 2020") should have merged with Count 2 (subjecting A to sexual contact by touching her breast "on or between July 1, 2020 and September 1, 2020").

- Count 6 (subjecting A to sexual contact by touching her lips or mouth "on or about August 1, 2020") should have merged with Count 3 (subjecting A to sexual contact by touching her vagina "on or between August 1, 2020 and September 1, 2020").

In each instance, defendant argues that the court erred in failing to merge the counts because the criminal conduct

in question was directed at the same victim and occurred during the same date, or range of dates, with no evidence of a sufficient pause between the acts in each set.

The state concedes that defendant is correct. On review for legal error, *State v. Campbell*, 265 Or App 132, 134, 333 P3d 1220 (2014), we agree and accept the state's concession. *See State v. Avila*, 283 Or App 262, 388 P3d 383 (2016) (first-degree sexual abuse convictions for touching of separate body parts merge where the state fails to adduce evidence to show that the acts were separated by a sufficient pause); *see also State v. Nelson*, 282 Or App 427, 386 P3d 73 (2016) (ORS 161.067(3) does not prevent merger of multiple counts of sexual abuse that involve touching separate parts of a victim's body.). The trial court erred in failing to merge Counts 1 and 5 into a single conviction for second-degree sexual abuse, failing to merge Counts 2 and 4 into a single conviction for second-degree sexual abuse, and failing to merge Counts 3 and 6 into a single conviction for second-degree sexual abuse.

We therefore reverse and remand those convictions for the trial court to correct the merger errors. As noted, because the case must be remanded for resentencing as a result, we need not address defendant's remaining assignments of error.

Convictions on Counts 1 and 5 reversed and remanded for entry of judgment of conviction for one count of second-degree sexual abuse; convictions on Counts 2 and 4 reversed and remanded for entry of judgment of conviction for one count of second-degree sexual abuse; convictions on Counts 3 and 6 reversed and remanded for entry of judgment of conviction for one count of second-degree sexual abuse; remanded for resentencing; otherwise affirmed.