276 June 12, 2024 No. 408

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUSTIN ELWYN BEHNKE,
*Defendant-Appellant.*

Clackamas County Circuit Court
19CR47720; A179049

Todd L. Van Rysselberghe, Judge.

Submitted April 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Convictions for two counts of second-degree sexual abuse reversed and remanded for entry of judgment of conviction for one count of second-degree sexual abuse; remanded for resentencing; otherwise affirmed.

**HELLMAN, J.**

Defendant appeals from a judgment of conviction for two counts of second-degree sexual abuse, ORS 163.425, and raises six assignments of error. With respect to the first assignment of error, we accept the state's concession that the trial court erred by failing to merge the two findings of guilt into one conviction for second-degree sexual abuse. With respect to the second and sixth assignments of error, we also accept the state's concession, and remand for resentencing, because two of the special conditions of probation were not announced in open court.

We reject defendant's third, fourth, and fifth assignments of error relating to special conditions of probation involving minors or children. We conclude that those special conditions of probation were reasonably related to defendant's crimes because children were present when defendant committed his crimes. We decline to address defendant's remaining arguments on those assignments of error because the trial court may address them in the first instance on remand. Accordingly, we reverse and remand for the trial court to merge the two findings of guilt, we remand for resentencing, and we otherwise affirm.

*First Assignment of Error: Failure to Merge the Guilty Verdicts.* Defendant requests plain-error review of his unpreserved challenge to the trial court's failure to merge the guilty verdicts for two counts of second-degree sexual abuse into one conviction. The state concedes that the error is plain, and we accept that concession.

An error is plain when it is "an error of law," the legal point is "obvious and not reasonably in dispute," and the error is "apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). A trial court's failure to merge guilty verdicts is an error of law. *State v. Avila*, 283 Or App 262, 264, 388 P3d 383 (2016).

> "To support the entry of multiple convictions for the same offense under ORS 161.067(3), the state must present sufficient evidence to show that one crime ended before another began and that each crime was separated from the others

> by a pause in the defendant's criminal conduct sufficient to afford him an opportunity to renounce his criminal intent."

*Id.* at 268. Here, the victim testified that when she woke up, defendant had his tongue in her anus and his fingers in her vagina. The victim was shocked. When she asked defendant what he was doing, he stood up and walked out of the room. Based on that record, the state failed to present evidence of a pause sufficient to support convictions for two counts of second-degree sexual abuse.

Although defendant did not object to the failure to merge the verdicts, the error is one of law, it is obvious and not reasonably in dispute, and it is apparent on the face of the record without our having to choose among competing inferences. *See State v. Loving*, 290 Or App 805, 809, 417 P3d 470 (2018) (determining that a defendant's unpreserved challenge to the trial court's failure to merge verdicts qualified for plain-error review). Thus, the trial court plainly erred when it failed to merge the guilty verdicts. In line with our consistent practice, we exercise our discretion to correct the plain error. *See State v. Miles*, 330 Or App 1, 7, 542 P3d 900 (2024) (exercising discretion to correct plain error in merger context given the seriousness of the error, and because "the burden on the judicial system in amending its judgment and resentencing defendant is minimal and the ends of justice are served by convicting and sentencing defendant according to the law" (internal quotation marks omitted)). Accordingly, we reverse and remand for the trial court to merge the verdicts into a single conviction for second-degree sexual abuse.

*Second and Sixth Assignments of Error: Probation Conditions That Were Not Announced in Open Court.* Defendant contends that the trial court erred, or plainly erred, by imposing conditions of probation that require defendant to "[b]e financially responsible for all counseling costs incurred by the victim(s)," and "[n]ot drive without a license and insurance and follow the requirements of the Ignition Interlock System per DMV policies for a hardship license." Those conditions of probation were not announced in open court at defendant's sentencing.

The state concedes that the trial court erred by imposing those special conditions of probation because they were not announced in open court. We agree with and accept the state's concession. "A criminal defendant has the right to have their sentence announced in open court. A trial court commits reversible error if it does not do so, and the result is usually a resentencing." *State v. Priester*, 325 Or App 574, 581, 530 P3d 118, *rev den*, 371 Or 332 (2023) (citations omitted). Preservation is not required when the claimed error appears for the first time on the face of the judgment. *State v. Lewis*, 236 Or App 49, 52, 234 P3d 152, *rev den*, 349 Or 172 (2010). Because the two challenged conditions were not announced in open court, we remand for resentencing to address the second and sixth assignments of error. We decline to address defendant's additional arguments as to those conditions because any such arguments can be presented to the trial court in the first instance on remand. *See State v. Reed-Hack*, 313 Or App 728, 729-30, 495 P3d 196, *rev den*, 369 Or 69 (2021) (declining to reach the defendant's argument regarding a condition of probation because "it may be raised on remand for the trial court to consider in the first instance").

*Third, Fourth, and Fifth Assignments of Error: Probation Conditions Involving Minors or Children.* Defendant argues that the trial court erred by imposing the conditions of probation that require defendant to "[h]ave no contact with any female or male under the age of 18, unless authorized by [his] probation officer;" "[n]ot be involved in any organizations which would place the defendant in direct contact with children, i.e., Boy Scouts, Girl Scouts, 4-H, Big Brother or Big Sister programs, Sunday School teaching, etc.;" and "[n]ot frequent places that exist primarily for the enjoyment of children, i.e., circuses, amusement parks, zoos, etc." He claims that the trial court erred in imposing those special conditions because they are not reasonably related to his crimes. We review a trial court's imposition of special probation conditions "for errors of law." *State v. Flores*, 317 Or App 288, 295, 505 P3d 507 (2022).

At trial, the state presented evidence that the charged acts were committed in the presence of minors.

Specifically, the state presented evidence that at the time that defendant sexually abused the victim, one of the victim's children was sleeping in the victim's bed and another was sleeping on the floor. "[A] condition is reasonably related to a defendant's crime of conviction when—in looking at the facts underlying the incident supporting the conviction—the special condition bears some relationship to those facts." *Id.* at 297. Because the crimes occurred in the presence of children, the special conditions prohibiting contact or involvement with minors "bears some relationship to" the facts of defendant's crimes. *Id.* The trial court thus did not err under ORS 137.540(2) when it imposed them. We therefore reject defendant's third, fourth, and fifth assignments of error.

Convictions for two counts of second-degree sexual abuse reversed and remanded for entry of judgment of conviction for one count of second-degree sexual abuse; remanded for resentencing; otherwise affirmed.